# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 3:05CR261(MRK) |
| | : | |
| CARLOS RIVERA | : | JUNE 12, 2006 |

### GOVERNMENT'S MEMORANDUM IN OPPOSITION
### TO DEFENDANT'S MOTION TO SEVER

#### Introduction

On April 19, 2006, a grand jury sitting in New Haven returned a five-count Second Superseding Indictment against the defendant, Carlos Rivera, charging him with the following five counts:

(1)   coercion and enticement of a 15 year-old boy to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b);

(2)   coercion and enticement of a 13 year-old boy to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b);

(3)   interstate travel for the purpose of engaging in illegal sexual conduct with the 13 year-old boy in violation of 18 U.S.C. § 2423(b);

(4)   production of child pornography in violation of 18 U.S.C. § 2251(a); and

(5)   possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

The defendant has moved to sever the trial of these offenses [Docs. #32 & 33] on the grounds that the offenses are not properly joined under Rule 8(a) of the Federal Rules of Criminal Procedure and, alternatively, that the Court should exercise its discretion to sever under Rule 14 because joinder of the offenses at trial would be unduly prejudicial.

The defendant's motion should be denied.  Joinder is clearly proper under Rule 8(a) because it is clear from the Second Superseding Indictment that the offenses are "of the same or similar character" and that the conduct underlying all five charges "are connected with or constitute parts of a common scheme or plan."  The conduct on which the charges are based occurred within approximately a four-month span (from about August 2004 through December 6, 2004), and the government's evidence will show that in addition to on-line boasting of his sexual exploitation of his child victims, the defendant kept a list of his sexual exploitations.  The list includes minor victims in Counts One, Two, Three and Five of the Second Superseding Indictment.  There is no question that joinder under these circumstances is proper.  <u>See</u> <u>United States v. Hersh</u>, 297 F.3d 1233, 1242 (11th Cir. 2002) (finding joinder of travel and transport offenses with child pornography offenses to be proper because "[c]ollectively, the counts charge Hersh with child molestation and child pornography–which plainly represents acts of 'similar character' involving the extraordinary mistreatment of children").

Moreover, the Court should decline to exercise its discretion under Rule 14 of the Federal Rules of Criminal Procedure to sever the counts for trial.  The defendant's concerns about the cumulative effect of the evidence are misplaced because, as explained below, even if the counts were severed there would be evidentiary overlap under Rule 404(b) (other crimes) and Rule 414 (evidence of similar crimes in child molestation cases) of the Federal Rules of Evidence.  Moreover, even if joinder causes some adverse effect, "Rule 8(a) . . . necessarily recognizes the adverse effect on the defendant by a joinder of counts, but considers this to be outweighed by gains in trial economy when one of the criteria of the rule are met."  <u>United States v.Werner</u>, 620 F.2d 922, 929 (2d Cir. 1980) (Friendly, J.).  Because this Court will be able to act to reduce any

unfair prejudice resulting from the joinder through a cautionary instruction, the jury will be in a position to appraise the evidence against the defendant on each count independently.  See Hersh, 297 F.3d at 1244 (discussing same); see also United States v. Lotsch, 106 F2d. 35, 36 (2d Cir. 1939) (Hand, J.) (affirming joinder where jury was able to examine "the accused's conduct on several separate occasions" without confusion).  The motion should be denied.

## Discussion

**I.      The Charges in the Second Superseding Indictment are Properly Joined Under Rule 8(a) Because They Are "Of the Same or Similar Character" and Constitute a "Common Scheme or Plan."**

Rule 8(a) of the Federal Rules of Criminal Procedure provides as follows:

> Two or more offenses may be charged in the same indictment . . . in a separate count for each offense <u>if the offenses charged . . . are of the same or similar character or are based</u> on the same act or transaction or <u>on two or more acts or transactions connected together or constituting parts of a common scheme or plan</u>.

Fed. R. Crim. P. 8(a) (emphasis added).  Notably, Judge Friendly in Werner made clear that "Rule 8(a) is not limited to crimes of the 'same' character but also covers those of 'similar' character, which means 'nearly corresponding; resembling in many respects; somewhat alike; having a general likeness.'"  Werner, 620 F.2d at 926 (quoting Webster's New International Dictionary (2d ed.)); see also United States v. Ruiz, 894 F.2d 501, 505 (2d Cir. 1990) (stating that to warrant joinder, offenses need only "have sufficient logical connection"); United States v. McGrath, 558 F.2d 1102, 1106 (2d Cir. 1977) (stating that Rule 8(a) sets forth "a liberal standard for joinder").

The offenses charged in the Second Superseding Indictment are clearly of the same or similar character.  There are essentially two sets of counts alleged in the Second Superseding

Indictment.  The first set, consisting of Counts 1, 2 and 3, concern using the internet to entice a minor to engage in illicit sexual conduct (Counts 1 & 2) and interstate travel for the purpose of engaging in illegal sexual conduct with a minor (Count 3).  The second set, consisting of Counts 4 and 5, concern the production and possession of child pornography.  Both sets of counts – that is, all five counts – relate to a four-month period in which the defendant was assiduously engaged in the sexual exploitation of minors.  It is clear that the five offenses, while not all of the same character, are clearly all of a similar character – that is, they nearly correspond and have a general likeness, which is all they need be to be of a similar character under Rule 8(a).[1]

This case is similar to the situation that the Eleventh Circuit addressed in <u>Hersh</u>, 297 F.3d at 1242.  There, the court also examined the joinder of two sets of counts.  One set charged the defendant with traveling to and transporting a minor from Honduras for the specific purpose of engaging in sexual activity with a minor, and the second set charged the defendant with receiving and possessing visual depictions of minors engaged in sexual activity.  The court held that "both sets of counts are 'similar' in that they reflect Hersh's repeated participation in the sexual exploitation of minors."  In concluding that the counts "plainly represent acts of 'similar character' involving the extraordinary mistreatment of children," the court noted that "both

---

[1]     Notably, the first set of counts involves two victims, "G.S." (Count 1) and "B.R." (Counts 2 and 3), and Count 4 of the second set a separate victim, "D.M."  However, G.S. and D.M. are also victims of Count 5, as the evidence will show that in addition to exploiting G.S. and D.M. for sex and producing visual depictions, respectively, he possessed images of G.S. and D.M. which constitute child pornography.

Congress and the courts have acknowledged a link between these two offenses [child molestation and child pornography]."  Id. at 1242.[2]

Finally, in addition to being "of the same of similar character," the offenses charged in Counts One through Five "are connected with or constitute parts of a common scheme or plan." That the offenses are part of a common scheme by Rivera to sexually exploit minors is reflected by, among other things, the fact that the defendant maintained his own handwritten list of individuals with whom he had sex.  The list contains the first names of G.S. and B.R., the age of each, the year Rivera met them, whether each was a virgin and the number of times Rivera had sex with them.  Rivera also boasted of his sexual exploitations in on-line chats with others.  In one such chat in September 2000, Rivera indicated that he has "had a very good 2 months, I met and fxxxxx 5 virgin guys since I met you."  Rivera then proceeded to support his claim by providing the first name and age of G.S. (15) (Count 1), B.R. (13) (Counts 2 and 3) and others, as well as a description of them.  (Rivera had not yet encountered, D.M., the victim in Count 4.) Unfortunately, these were not idle boasts, but part of Rivera's ongoing scheme to exploit minors for his sexual gratification.  Under these circumstances, joinder is clearly proper.[3]

---

[2]    The defendant states that joinder under the "same or similar character" prong presents "'obvious dangers.'"  See Def.'s Mem. at 2 (quoting Wright, Federal Practice & Procedure)). However, in Werner Judge Friendly noted that "it is immaterial that the "same or similar character' provision has not met with favor of commentators."  Werner, 620 F.2d at 927 (citing Wright, Federal Practice and Procedure).  "The Rule is what it is; if commentators do not like it, the road for them to seek amendment is open."  Id. at 928.

[3]    The defendant argues that the indictment must expressly allege a common scheme or plan to satisfy Rule 8(a), and that this Court should not infer from the timing or nature of the offenses that they arose from a common scheme.  See Def.'s Mem. at 2.  But this Court is not limited to the face of the indictment in assessing the propriety of joinder, but may take into account the government's proffer of what the evidence at trial will show with respect to a common scheme or plan.  See United States v. Halliman, 923 F.2d 873, 883 (D.C. Cir. 1991) (stating that "the

**II.     The Court Should Not Sever the Charges under Fed. R. Crim. P. 14(a) Because Joinder of the Offenses for Trial Will Not Substantially Prejudice the Defendant.**

The defendant argues that even if the charges are properly joined under Rule 8(a), this Court should exercise its discretion and sever the charges because of the cumulative effect the evidence may have on the jury.  The core of the defendant's basis for seeking severance is Judge Hand's observation that "the jury may use the evidence cumulatively; that is, that although so much as would be admissible upon any one of the charges might not have persuaded them of the accused's guilt, the sum of it will convince them as to all."  United States v. Lotsch, 102 F.2d 35, 36 (2d Cir. 1939).  See Def.'s Mem. at 3-4.

Notably, however, in Lotsch, Judge Hand proceeded to explain that "[w]hen the accused's conduct on several separate occasions can properly be examined in detail, the objection disappears, and the only consideration is whether the trial as a whole may not become too confused for the jury."  Id.  Indeed, in Lotsch, the defendant was accused of three counts of improperly receiving commissions on bank loans over a six-month time span.  Judge Hand concluded for the court that it could "see no prejudice from joining the three charges."  Lotsch, 102 F.2d at 36.  See also Werner, 620 F.2d at 929 (applying Lotsch to the offenses charged and

---

government need not demonstrate the propriety of its joinder decisions on the face of the indictment. . . .  Rather, the government need only present evidence before trial" sufficient to establish that joinder is proper); United States v. Dominguez, 226 F.3d 1235, 1241 (11th Cir. 2000) ("It is enough when faced with a Rule a 8 motion, the prosecutor proffers evidence which will show the connection between the charges.").  But see United States v. Chavis, 296 F.3d 450, 458-60 (6th Cir. 2002) (holding that the propriety of joinder must be determined from the face of the indictment).  But even if the Rule 8(a) inquiry were limited to the face of the indictment, the court could reasonably infer a common scheme or plan from the nature of the charges and the fact that the indictment alleges the offenses to have occurred in a four-month time span.  Moreover, the indictment alone clearly shows the categorically similar character of the offenses, which is sufficient to find joinder proper under Rule 8(a).

finding that in light of the fact that proper instructions were given, substantial prejudice did not result from the joinder).

Similarly, here the defendant is charged with five counts of child exploitation offenses over a four-month time span.  To be sure, cautionary instructions will be needed to ensure that any potential adverse effect of joinder is minimized.  See Hersh, 297 F.3d at 1244 (concluding that any unfair prejudice resulting from joinder was reduced by the district court's instructions to the jury "that the evidence related to the child pornography counts could be considered *only* insofar as it related to those counts" and that "the jury could find guilt on a particular count only if the government met all of the elements for *that* count") (emphasis in original).  But if proper cautionary instructions are provided, the jury will be able to examine the defendant's conduct underlying these offenses separately and independently.  See Lotsch, 102 F.2d at 36 ("Here we can see no prejudice from joining the three charges: the evidence as to each was short and simple; there was no reasonable ground for thinking that the jury could not keep separate what was relevant to each.").  This is, after all, not a situation where a defendant is being tried for tax evasion and possession of child pornography.  Rather, the defendant is being tried for sexual molestation offenses and child pornography offenses, neither of which is on a comparative basis inherently more inflammatory than the other.  See Hersh, 297 F.3d at 1243 (noting same).

Moreover, any concerns about the use of cumulative evidence are further minimized because there is an evidentiary overlap among the charges.  This is so for two reasons.  First, Rivera is charged in Count 5 (possession of child pornography) with possessing, among other images, pornographic images of G.S., the minor who is the subject of Count 1, using the internet to entice a minor to engage in illicit sexual conduct.  See footnote 1, infra.  Thus, any trial of

Count 1 alone would include evidence that by itself is sufficient to convict Rivera on Count 5. In addition, Rivera is charged in Count 4 with production of child pornography relating to visual depictions of D.M., which depictions also constitute evidence of the possession of child pornography offense charged in Count 5.

Second, Federal Rule of Evidence 414 provides that "[i]n a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible." Here, Counts 2, 3, 4 and 5 are "offenses of child molestation" under Rule 414 and as such admissible.[4] And the conduct underlying Count 1 would likely be admissible under Rule 404(b). To the extent that evidence of the defendant's offenses of child molestation would be admissible in individual trials on each offense under Rule 414, severing the charges in the Second Superseding Indictment for trial would achieve little but an unwarranted consumption of judicial resources and a severe hardship to the minor victims of the defendant's crimes if they were required to testify at multiple trials.

Although, of course, admissibility of other offenses of child molestation offenses, whether charged or uncharged, is subject to a Rule 403 balancing analysis, the Second Circuit has given trial judges wide discretion to admit them into evidence. In United States v. Larson, 112 F.3d 600 (2d Cir. 1997), for instance, the Second Circuit held that the testimony of a victim of an uncharged molestation offense, covering events that occurred 16-20 years before trial, was admissible at trial of another such offense. In Larson, the district court "'f[ou]nd that [a victim's]

---

[4]       Count 1 does not appear to constitute such an offense under Rule 414 because the victim was not a "child" under Rule 414, *i.e.*, was not a person below the age of fourteen. Rather, the victim was 14 and 15 during the course of the offense. Counts 2 and 3 involved a victim under 14 and involved contact set forth in Rule 414(d)(3) & (4), and Counts 4 and 5 are offenses under chapter 110 of Title 18, see Rule 414(d)(2).

testimony of uncharged acts of sexual conduct is admissible under either Rule 404(b) or 414 because it goes to the presence of a common scheme or plan on the part of the defendant and also is relevant to the defendant's intent and motive in the commission of the charged offense.'" Larson, 112 F.3d at 602-3 (quoting from the district court transcript).  The Second Circuit observed that "the district court evaluated the proffered evidence under both Rule 404(b) and Rule 414, and fully performed a Rule 403 analysis" and found no abuse of discretion in admitting it.  See Larson, 112 F.3d at 604.

In this case, the offenses of child molestation charged in the Second Superseding Indictment all occurred within weeks and months of one another.  Moreover, as in Larson, the offenses closely parallel one another in various ways.  Under Larson, the evidence relating to the defendant's other offenses of sexual molestation would likely be admissible under Rule 404(b) and Rule 414 at separate trials for each of the offenses in the Second Superseding Indictment.[5] See also United States v. Mound, 149 F.3d 799, 801-02 (8th Cir. 1998) (holding that evidence of defendant's 1987 conviction of sexually abusing 12 year-old admissible under Rule 414 in defendant's trial for sexually abusing 10 year-old daughter between 1993 and 1997); United States v. LeCompte, 131 F.3d 767, 769-70 (8th Cir. 1997) ®. Arnold, J.) (holding that district

---

[5]     It should be noted that the government has also provided notice to the defendant under Rule 414 concerning the fact that the government may introduce evidence relating to the defendant's 1996 conviction for sexual assault of a minor.  The defendant pled guilty to sexually assaulting his 11 year-old niece.  In the course of the investigation, the defendant gave a recorded confession to detectives concerning not only the molestation of his niece, but also the fact that he molested one of his nephews for years, beginning when his nephew was age 7 and continuing until his nephew was 14, when Rivera was arrested.  Similar to what he did in connection with his sexual exploitations in this case, Rivera kept a log of the number of times he engaged in sexual acts with his nephew and took photographs.  In addition, Rivera admitted to molesting a different nephew on a less frequent basis.

court abused its discretion in granting defendant's motion *in limine* under Rule 414 to exclude evidence of defendant's uncharged sex offenses committed between 1985 and 1987 in defendant's trial for sexually abusing niece in 1995); United States v. Yellow, 18 F.3d 1438, 1441 (8th Cir. 1994) (holding that prior acts of rape against siblings occurring approximately five years before charged offense admissible under Rule 404(b) to prove identity in current prosecution for rape when acts nearly identical and defendant tried to implicate another person).

Where, as here, the evidence that a defendant committed one crime would be admissible at a separate trial for another crime, the defendant does not suffer additional prejudice where the offenses are tried jointly.  See, e.g., United States v. Amato, 15 F.3d 230, 236 (2d Cir. 1994) (joinder proper where evidence was "interconnected and overlapping"); United States v. Blakney, 941 F.2d 114, 116 (2d Cir. 1991) (joinder proper where "same evidence may be used to prove each count"); United States v. Sweig, 441 F.2d 114, 118 (2d Cir. 1971) (joinder proper where counts entailed "substantially the same proof").  Severance would undermine the policy of judicial economy without ensuring a fairer trial because of the repetitive effect of severing the Second Superseding Indictment.  The defendant claims that "[j]udicial economy, furthered by Rule 8(a), Fed. R. Crim. P., should not override the paramount interest of assuring a fair trial on all pending charges."  Def.'s Mem. at 4.  However, joinder under Rule 8(a) embodies an "important policy," namely, "that of trial convenience and economy of judicial and prosecutorial resources–considerations of particular weight when the Government and the courts have been placed under strict mandate to expedite criminal trials"  Werner, 620 F.2d at 928; see also United States v. Turoff, 853 F.2d 1037, 1043 (2d Cir.1988) (stating that "'Congress has authorized consolidation in the belief that public considerations of economy and speed outweigh possible

unfairness to the accused'") (quoting <u>United States v. Smith</u>, 112 F.2d 83, 85 (2d Cir. 1940) (commenting on substantially similar predecessor statute of Rule 8(a))).  "Rule 8(a) . . . necessarily recognizes the adverse effect on the defendant by a joinder of counts, but considers this to be outweighed by gains in trial economy when one of the criteria of the rule are met."  <u>Werner</u>, 620 F.2d at 929.  The criteria of the rule have been met, and all five offenses should be tried together.

Finally, the defendant raises the spectre of a joint trial prejudicing his right to testify concerning some of the charges but not others.  Def.'s Mem. at 5.  However, given the fact that the offenses with which he is charged were part of a common scheme to sexually exploit minors, it is hard to see any way in which he could testify about any one of the charges without opening the door to the government to question him about the other charges in the Second Superseding Indictment.  In any event, as the defendant recognizes, a particularized showing must be made concerning the testimony the defendant would give on a given count and his reasons for remaining silent on the joined counts.  <u>See</u> <u>Werner</u>, 620 F.2d at 930 ("It is settled that a mere unexplicated assertion of this sort is not enough."); <u>United States v. Fenton</u>, 367 F.3d at 14, 22 (1st Cir. 2004).  The defendant has failed to make any such particularized showing, and his request for severance should be denied.

## Conclusion

For the foregoing reasons, the Government respectfully requests that the Court deny the

defendant's Motion to Sever.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


_____/s/_____
ERIC J. GLOVER
ASSISTANT U.S. ATTORNEY
Federal Bar No. CT23923
157 Church Street, 23rd Floor
New Haven, CT 06510
Tel.: (203) 821-3745
Fax: (203) 773-5378
eric.glover@usdoj.gov


JACOB SCOTT
LAW STUDENT INTERN
jacob.scott@usdoj.gov

## <u>CERTIFICATION</u>

I hereby certify that on June 12, 2006, a copy of foregoing Government's Memorandum in Opposition to Defendant's Motion to Sever was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
ERIC J. GLOVER
ASSISTANT U.S. ATTORNEY
