## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Criminal |
| v. | : | NO: 3:05cr261 (MRK) |
| | : | |
| | : | |
| CARLOS F. RIVERA | : | |

### RULING AND ORDER

On July 11, 2006, a jury found Carlos Rivera guilty on all five counts of a Second Superceding Indictment [doc. # 24]. Counts One, Two, and Three charged Mr. Rivera with (1) using a computer with an Internet connection to entice minors to engage in illicit sexual conduct in violation of 18 U.S.C. § 2422(b) (Counts One and Two) and (2) with traveling between states for the purpose of engaging in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b)(Count Three). Count Four charged Mr. Rivera with production of child pornography in violation of 18 U.S.C. § 2251(a). Count Five, was charged Mr. Rivera with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Mr. Rivera timely moved for judgment of acquittal or for a new trial under Rules 29 and 33 of the *Federal Rules of Criminal Procedure*; both motions were limited to his conviction for production of child pornography in Count Four. *See* Motion for Judgment of Acquittal [doc. # 90]; Motion for New Trial [doc. # 93]. The Court DENIES both of Mr. Rivera's Motions.

### I.

Count Four charged Mr. Rivera with a violation of 18 U.S.C. § 2251(a), which provides in relevant part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be [guilty of a crime] if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

18 U.S.C. § 2251(a).  In its instructions to the jury on Count Four, the Court informed the jury that the Government was required to prove each of the following elements beyond a reasonable doubt:

1.  First, that David, the subject of the visual depictions, was under the age of eighteen (18);

2.  Second, that Mr. Rivera employed, used, persuaded, induced, or enticed David, the subject of the visual depiction, to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

3.  Third, that the visual depiction was actually transported in interstate commerce, or that the defendant knew or had reason to know that the visual depiction would be transported in interstate commerce, or that the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

Jury Instructions (Court Exhibit # 6) at 53.

The second and third elements are not at issue on the current motions, which are directed solely at the second element and particularly at the phrase "sexually explicit conduct."  In accordance with 18 U.S.C. § 2256(2)(A)(i)-(v), the Court instructed the jury that the phrase "'sexually explicit conduct' means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; masturbation; or lascivious exhibition of the genitals or pubic area of any person." Jury Instructions at 56.  The Court went on to instruct the jury regarding the phrase "lascivious exhibition" in the following way:

The term "lascivious exhibition" means a depiction which displays or brings to view to attract notice to the genitals or pubic area of minors in order to excite lustfulness or sexual stimulation in the viewer.  Not every exposure of the genitals or pubic area constitutes a lascivious exhibition.  In deciding whether a particular depiction constitutes a lascivious exhibition which displays or brings to view to attract notice to the genitals or pubic area of minors in order to excite lustfulness or sexual stimulation in the viewer, you should consider the following questions:

Whether the focal point of the visual depiction is on the minor's genitals or pubic area, or whether there is some other focal area.

Whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity.

Whether the minor is displayed in an unnatural pose, or in inappropriate attire, considering the age of the minor.

Whether the minor is fully or partially clothed, or nude, although nudity is not in and of itself lascivious;

Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

The weight or lack of weight that you decide to give to any one of these factors is for you to decide.  You must make this determination based on the overall content of the visual depiction.  You may not find that these depictions are lascivious merely because you may be upset by them or merely because you find them to be in bad taste or offensive.  Your determination must focus on the depictions themselves and the intended effect on the viewer.  You may not judge the depictions based on any actual effect on the viewer.

*Id.* at 56-57.

In special interrogatories accompanying their guilty verdict on Count Four, the jury was asked to state which of six government exhibits constituted visual depictions of sexually explicit conduct, as defined above. The jury found Exhibits 59(d), 59(f), 59(g) and 50(i) to be visual depictions of sexually explicit conduct, and Exhibits 59(e) and 59(h) not to be visual depictions of sexually explicit conduct.  *See* Verdict Form [doc. # 86].

## II.

In his motion for judgment of acquittal, Mr. Rivera contends that there was no evidence to support a finding that any of the exhibits met the definition of "sexually explicit conduct" set forth in 18 U.S.C. § 2256(2)(A)(i)-(v).  Since it is undisputed that none of the exhibits involved actual or simulated sexual intercourse within the meaning of § 2256(2)(A)(i)-(iv), Mr. Rivera's motion focuses on whether Exhibits 59(d),(f), (g) and (i) were "lascivious exhibitions of the genitals or public area of any [minor]," within the meaning of § 2256(2)(A)(v). The parties agree that "whether a given depiction is lascivious is a question of fact for the jury."  *United States v. Frabizio*, 2006 WL 2361263, at *4 (1st Cir. Aug. 18, 2006); *see United States v. Rayl*, 270 F.3d 709, 714 (8th Cir. 2001) ("[T]he question whether materials depict 'lascivious exhibition of the genitals,' an element of the crime, is for the finder of fact."); *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987) ("The question of whether the pictures fall within the statutory definition [of lascivious] is a question of fact. . . .").

Therefore, the question raised by Mr. Rivera's motion for judgment of acquittal is whether any rational jury could find that Exhibits 59(d),(f), (g) and (i) were depictions of "lascivious exhibitions of the genitals or public area of any [minor]." *See, e.g., United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003) (setting forth standard for judgment of acquittal under Rule 29); *United States v. Walsh*, 194 F.3d 37, 51 (2d Cir. 1999) (same).   The Court has no doubt that the answer to that question is yes.  Indeed, the jury's verdict form, in which it found that two photographs not exhibiting the genitalia of the minor did not meet the statutory definition, shows that it was a most discerning and careful jury.

The Court is keenly aware that in answering the question posed by Mr. Rivera's motion no words can substitute for a careful review of the actual photographs in question, photographs that the

jury examined during the trial and to which it had access in the jury room during deliberations. However, the Government, in its opposition to Mr. Rivera's motion, has provided a description of the photographs that the Court finds accurately and properly captures the depictions in the light most favorable to the jury's verdict, as is required on Mr. Rivera's motion, *United States v. Ford*, 435 F.3d 204, 206 (2d Cir. 2006):

> Government Exhibits 59(d) & 59(g): These depictions show the minor laying on his stomach on a bed, naked, with a pillow tucked up under his arms and chest and his face facing down at the bed (a place generally associated with sexual activity). The minor's legs are spread in an unnaturally wide position – a pose clearly suggestive of a willingness and readiness to engage in anal sex. The [minor's] genitals are in clear view and, along with his buttocks, are the focal point of the depictions. The photographs are taken from the perspective of a person about to engage in, or desirous of engaging in, anal sex with the subject of the photo.
>
> Government Exhibit 59(f): This depiction shows the minor laying naked on his stomach on a bed, a place generally associated with sexual activity. The minor's legs are spread, he is resting his upper body on both of his elbows, and he is looking back at the camera. The minor's genitals are in view and along with his buttocks are at the center of the photograph and can reasonably be said to be the focal point. The pose the minor is in is suggestive of anal sex.
>
> Government Exhibit 59(I): The minor is laying naked on his back on a bed, reclining the right side of his upper body on his right elbow and looking at the camera. The minor's fully-exposed genitals are at the center of the photograph and indeed are the focal point of the depiction. The pose and setting on the bed is suggestive of sexual[] activity – specifically, that the minor has either engaged in or is about to engage in sexual activity.

Gov't's Mem. in Opp'n to Def.'s Mot. for J. of Acquittal or For a New Trial [doc. # 92] at 5.

Mr. Rivera himself acknowledges, "[a]ll four images depict the minor naked on a bed and all show, to varying extent, his genitals." Mem. of Law in Supp. of Mot. for J. of Acquittal or For New Trial [doc. # 91] at 6. Mr. Rivera further concedes that "three of the pictures show the subject on his stomach with legs spread and genitals partially visible (Exhibits 59(d)(f) and (g)), and the fourth shows the subject reclining backwards, leaning on an elbow with one knee up and genitals fully visible (Exhibit 59(i))." *Id.* "In all the images, the genitals are in the center of the image . . . ." *Id.*

The Court is satisfied that a rational jury could find that these images qualify as lascivious exhibitions. As the First Circuit recently noted, "'[l]ascivious' is a 'commonsensical term' . . . ." *Frabizio*, 2006 WL 2361263, at *4 (internal quotation marks omitted); *see United States v. Reedy*, 845 F.2d 239, 241 (10th Cir. 1988) ("This Court agrees . . . that 'lascivious' is . . . a commonsensical term . . . .") (internal quotation marks omitted). A commonsense review of the photographs shows that a rational jury could conclude that the poses of the minor, which were directed by Mr. Rivera after showering with the minor in a hotel room and shortly before having anal sex with him, were unnatural (given that his legs were spread so as to make his genitals visible and, his rear was raised to the camera) and were highly suggestive of anal sex. *See Frabizio*, 2006 WL 2361263, at *5 ("A jury could reasonably conclude that none of the girls' postures were natural or spontaneous, [and] that each girl was deliberately posed to exhibit her pubic area . . . ."). The Court rejects Mr. Rivera's argument that, because the minor was not shown masturbating, touching his genitals, or engaging in sex, no rational juror could conclude that these photographs were lascivious. *See, e.g., United States Dauray*, 76 F. Supp. 2d 191, 196-97 (D. Conn. 1999) (finding that rational jury could find photograph depicting "a group of several naked girls performing backbends in the outdoors such that their genitalia is easily visible" to be a "lascivious exhibition"). Accordingly, Mr. Rivera is not entitled to a judgment of acquittal on Count Four.

### III.

In his motion for a new trial under Rule 33, Mr. Rivera makes three arguments. First, he contends that even if he is not entitled to a judgment of acquittal, the Court should nonetheless conclude that the verdict on Count Four was against the weight of the evidence. Second, he argues that he was unduly prejudiced by evidence presented on the other charges tried along with Count Four. Third, he asserts that the Court's jury instruction on Count Four was erroneous and prejudicial

and warrants a new trial.  The Court rejects each argument.

Little more need be said about Mr. Rivera's argument regarding the lascivious nature of the photographs in question.  Suffice it to say that, having considered the evidence and reviewed the photographs, the Court is fully satisfied that "it would [not] be a manifest injustice to let the guilty verdict stand." *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992); *see United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001).

As to Mr. Rivera's second argument, the Court previously ruled that the five counts in the Superceding Indictment were properly joined under Rule 8(a) and declined to sever the counts under Rule 14(a).  *See* Ruling and Order [doc. # 48].  The Court stands by that ruling.  Also, during trial, the Court explicitly instructed the jury as follows:

> The indictment contains a total of five counts.  Each count charges Mr. Rivera with a separate crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for each.  Whether you find Mr. Rivera guilty or not guilty as to one offense should not affect your verdict as to any other offense charged

Jury Instructions at 30.[1]  The Court therefore rejects Mr. Rivera's claim of undue prejudice.

---

[1]  The Court also instructed the jury as follows:

> There has been some evidence received during the trial that Mr. Rivera may have engaged in other conduct which was similar in nature to the acts charged in the indictment.  In a criminal case in which Mr. Rivera is accused of child molestation, evidence of Mr. Rivera's commission of another offense or offenses of child molestation is admissible and may be considered for its bearing on whether Mr. Rivera committed the offense for which he is charged in the indictment.
> However, evidence of another offense on its own is not sufficient to prove Mr. Rivera guilty of the crimes charged in the indictment.  As you consider this evidence, bear in mind at all times that the Government has the burden of proving that Mr. Rivera committed each of the elements of the offense in the indictment as I have explained them to you.  I remind you that Mr. Rivera is not on trial for any act, conduct, or offense not charged in the indictment.

Jury Instruction at 25.

7

The Court also rejects Mr. Rivera's claim that the Court erred in its charge on "lascivious exhibition of the genitals or pubic area of any person."  Mr. Rivera argued at trial and renews his argument here, that the Court should not have instructed the jury on the so-called *Dost* factors.  *See United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986).  In particular, Mr Rivera asserts that the *Dost* factors are inherently subjective, are confusing, and do not identify the relevant viewer, and that each of these failings has prejudiced Mr. Rivera.

The Court acknowledges that the Second Circuit has not yet had the opportunity to comment on the *Dost* factors and that some courts have expressed concerns about the *Dost* factors.  Ironically, however, the concern principally noted by these courts is that the *Dost* factors may be too favorable to the defendant.  *See, e.g., Frabizio*,  2006 WL 2361263, at *7 ("[T]here is a risk that the *Dost* factors will be used to inappropriately *limit* the scope of the statutory definition . . . .") (emphasis in original); *Weigand*, 812 F.2d at 1244 (noting that the *Dost* factors were "over-generous to the defendant . . . .").  Nonetheless, other courts have approved of jury instructions including *Dost* factors. *See, e.g., United States v. Amirault*, 173 F.3d 28, 31-32 (1st Cir. 1999); *United States v. Knox*, 32 F.3d 733, 746 n.10 (3d Cir. 1994); *United States v. Wolf*, 890 F.2d 241, 246 (10th Cir. 1989); *Dauray*, 76 F. Supp. 2d at 195-96.

While "lascivious exhibition" is certainly a commonsensical phrase, and therefore might not need any further explication, the Court nonetheless believes that the jury is benefitted by a non-exhaustive list of factors that it may consider while examining the photographs in question.  As the district court commented in *United States v. Villard*, 700 F. Supp. 803 (D.N.J. 1988), *aff'd*, 885 F.2d 117 (3d Cir. 1989), the *Dost* factors "serve to distinguish between the innocent family photo or artistic depiction of a nude child and the victimization of that child in the creation of child pornography."  *Id.* at 812.  And while the *Dost* factors may not be appropriate in all cases, *see, e.g.*,

8

*United States v. Various Articles of Merch.*, 230 F.3d 649, 656-57 (3d Cir. 2000) (refusing to apply the *Dost* factors in assessing the obscenity of imported nudist magazines), the Court is satisfied that they provided appropriate guidance in this case.

Furthermore, the Court expressly informed the jury that

[t]he weight or lack of weight that you decide to give to any one of these factors is for you to decide.  You must make this determination based on the overall content of the visual depiction.  You may not find that these depictions are lascivious merely because you may be upset by them or merely because you find them to be in bad taste or offensive.  Your determination must focus on the depictions themselves and the intended effect on the viewer.  You may not judge the depictions based on any actual effect on the viewer.

Jury Instructions at 56-57.  The jury was, therefore, clearly told to make their determination on the overall content of the depictions and not to find the depictions to be lascivious merely because any given juror might have been subjectively upset by the depictions.  Finally, if anything, as the Ninth and First Circuits have noted, the *Dost* factors are actually over-generous to the defendant. Therefore, the Court does not believe that its instructions, taken as a whole, were erroneous or prejudicial. *See, e.g.*, *United States v. Males*, 2006 WL 2130413 (2d Cir. Aug. 1, 2006) ("We do not review portions of the instructions in isolation, but rather consider them in their entirety to determine whether, on the whole, they provided the jury with an intelligible and accurate portrayal of the applicable law.") (internal quotations omitted).

One further issue remains.  Mr. Rivera contends that the Court erred in not defining the "viewer" in its instruction.  As a consequence, Mr. Rivera asserts, the Government was able to argue in its summation that the jury could consider the "viewer" to be Mr. Rivera.  There are several responses to Mr. Rivera.  First, while Mr. Rivera objected to the *Dost* factors, he never asked the Court to define who the "viewer" was for purposes of the Court's instructions.  Nor did he object to the Government's closing argument.  Second, as the Government notes in its response, its comment

at argument was brief and would not in any event warrant a new trial.  Finally, the Court's instruction properly focused the jury on the producer of the photographs and the effects intended by that individual as depicted in the images produced.  Thus, the Court instructed the jury that they were to decide if Mr. Rivera employed, used, persuaded, induced, or enticed David, the subject of the visual depiction, to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and that in deciding whether a particular depiction constitutes a lascivious exhibition, they should consider whether the intended effect of the photographs was to attract notice to the genitals or pubic area of minors in order to excite lustfulness or sexual stimulation. On balance, and particularly in the absence of any contemporaneous request for any greater specificity from Mr. Rivera, the Court believes that its instructions were proper and that a new trial is unwarranted.

## IV.

Accordingly, Defendant's Motion for Judgment of Acquittal [doc. # 90] and Motion For a New Trial [doc. # 93] are DENIED.


IT IS SO ORDERED,



/s/ _____Mark R. Kravitz_____
United States District Judge


Dated at New Haven, Connecticut: **September 15, 2006.**

10