UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:05-cr-261 (KAD) |
| | ) | |
| v. | ) | |
| | ) | |
| CARLOS RIVERA | ) | JUNE 24, 2025 |
| | ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE (ECF No. 138);
DENYING MOTIONS TO APPOINT COUNSEL (ECF Nos. 159, 160)**

Kari A. Dooley, United States District Judge:

Defendant Carlos Rivera was convicted after trial of two counts of Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b) (Counts One and Two), one count of Travel with the Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b) (Count Three), one count of Production of Child Pornography in violation of 18 U.S.C. § 2251(a) (Count Four), and one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Five). On October 20, 2006, Mr. Rivera was sentenced to a mandatory life term of imprisonment on Count Four, based upon the combination of the offense of conviction and his criminal history, which included sexual offenses involving minor victims. *See* 18 U.S.C. §3559(e). On February 20, 2025, Mr. Rivera filed a motion, *pro se*, seeking a reduction in his sentence and compassionate release pursuant to 18 U.S.C. § 3582(c). *See* ECF Nos. 138, 155. He requests that he be returned to this jurisdiction; that an updated Presentence Investigation Report be prepared; that he have access to counsel; and that he be essentially re-sentenced to a term of 300 months (25 years). *Id.* He also seeks the appointment of counsel to assist him with this motion. *See* ECF Nos. 159, 160.

A defendant is not entitled to the assistance of appointed counsel in pursuing a motion for compassionate release. *See United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021). Although within the Court's discretion, the issues raised by Mr. Rivera are not complex or in need of further development. He has submitted extensive documentation and briefing. Accordingly, Mr. Rivera's initial Motion to Appoint Counsel (ECF No. 159), as well as his Second Renewed Request for Appointment of Counsel (ECF No. 160) (collectively, the "Motions to Appoint Counsel") are **DENIED**.

In support of this Motion for Compassionate Release, Mr. Rivera cites to, *inter alia*, his excessively harsh sentence and a need to assist his sister in taking care of their elderly mother. *See* ECF No. 138. The Government opposes the motion. *See* ECF No. 150. A court may modify a term of imprisonment on compassionate release grounds in two circumstances: (1) upon motion of the Director of the Bureau of Prisons, or (2) upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Here, there is no dispute that Mr. Rivera has met this exhaustion requirement.

Upon exhaustion of a defendant's administrative remedies, Section 3582(c)(1)(A) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)," if it finds "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(1)(a); *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). A district court's "reasonable evaluation of the Section 3553(a) factors is an

alternative and independent basis for denial of compassionate release." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021).

As an initial matter, the Court observes that various arguments made by Mr. Rivera in connection with the instant motion effectively challenge his underlying conviction and sentence and are therefore not properly raised in a request for compassionate release. *See United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022) ("[f]acts and arguments that purport to undermine the validity of a federal conviction must be brought on direct appeal or pursuant to 28 U.S.C. § 2255 or § 2241."). For example, he challenges the constitutionality of his life sentence. The Court further observes that Mr. Rivera has previously failed in his attempts to challenge his underlying conviction and sentence, and indeed, his most recent request to file a successive 28 U.S.C. § 2255 petition, in which several of the same issues were raised, was denied by the Second Circuit on May 16, 2025. *See* ECF No. 156.

Turning to the issues and arguments properly before the Court, the undersigned concludes that, either independently or in the aggregate, the bases upon which Mr. Rivera seeks compassionate release do not rise to the level of extraordinary and compelling reasons to reduce his sentence. First, the First Step Act does not, as posited by Mr. Rivera, upend, or even diminish, Congress' explicit intent, when passing the PROTECT Act of 2003, to increase mandatory penalties for certain sex offenses, or the resulting plain language of 18 U.S.C. § 3559(e), which mandates a life sentence for people like Mr. Rivera, *i.e.*, repeat sex offenders whose offenses involved minor victims. Were Mr. Rivera convicted today, application of Section 3559(e) would result in the same sentence – mandatory life imprisonment. His sentence was not therefore unduly harsh or excessive when viewed through the lens of contemporary standards. The Court recognizes that in some circumstances, in hindsight, a lengthy sentence may seem unduly harsh. *See, e.g.*,

*United States v. Ali*, 738 F. Supp. 3d 584 (E.D. Pa. June 25, 2024). And the Court assumes without finding that it has the authority to grant Mr. Rivera's motion notwithstanding the mandatory nature of his life sentence. *See, e.g.*, *id.* Nonetheless, the Court is not persuaded.

Moreover, that Mr. Rivera wishes to spend time with his elderly and infirm mother, while understandable, does not give rise to an extraordinary or compelling reason to reduce Mr. Rivera's sentence. Mr. Rivera is one of many siblings and there is no basis to conclude that he is the only available caregiver for his mother or reason to conclude that his other siblings are unable to provide the additional support required. Mr. Rivera's Motion for Compassionate Release fails for these reasons alone.

Nevertheless, the Court separately concludes that the Section 3553(a) factors do not warrant Mr. Rivera's release. Mr. Rivera's offense conduct was horrific. His conduct was predatory and manipulative and involved multiple minor victims. His interactions with one of the victims in particular was gratuitously cruel. His "history and characteristics" included the sexual abuse over an extended period of time of a seven-year-old boy, another minor female relative, and a third unidentified minor. While Mr. Rivera acknowledges his offense conduct, he does so with an abundantly apparent lack of remorse, concern for his victims, or willingness to take accountability for his crimes. The Court must consider the potential danger that his release would pose to the community and the Court's serious concerns about potential, or more to the point, likely, recidivism. Indeed, none of the sentencing factors set forth in Section 3553(a) warrants compassionate release even if Mr. Rivera's mother's needs combined with his lengthy sentence were determined to be "extraordinary and compelling reasons" for granting the relief he seeks.

The Motion for Compassionate Release and Motions to Appoint Counsel are **DENIED**. In light of the foregoing, Mr. Rivera's "Informative Motion" (ECF No. 154), Supplemental Motion

4

for Compassionate Release (ECF No. 155), and Sealed Letter Reply Motion (ECF No. 157), all of which have been considered in rendering this decision, are likewise **DENIED** to the extent they seek affirmative relief.

    **SO ORDERED** at Bridgeport, Connecticut, this 24th day of June 2025.

                                                   */s/ Kari A. Dooley*
                                                KARI A. DOOLEY
                                                UNITED STATES DISTRICT JUDGE